IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SREEDHAR POTARAZU
MAY 9, 1965
REG. # 90424083
P.O. BOX 1000
FCI CUMBERLAND
CUMBERLAND MARYLAND 21501
_(Full name, date of birth, identification #, address of petitioner)_
**Petitioner,**

\*

___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

JUN - 2 2022

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY SLS         DEPUTY

v.

FEDERAL BUREAU OF PRISONS
WARDEN FCI CUMBERLAND
14601 BURBRIDGE RD SE.
CUMBERLAND, MARYLAND 21502
_(Full name and address of respondent)_
**Respondent.**

\*

Case No.: _____
_(Leave blank. To be filled in by Court.)_

## PETITION FOR WRIT OF HABEAS CORPUS

I. Background

   A. Where are you detained?

     ☑ Federal Prison

     ☐ State Prison

     ☐ Local Jail or Detention Center

     ☐ Mental Health Facility

     ☐ Other, describe _____

   B. If you have been convicted and sentenced, provide the following information:

     1. Name and location of court which imposed sentence: U.S. DISTRICT COURT EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

2. Your criminal case number(s): 1:16-CR-00261-AJT, CR 21-7721
3. The date you were sentenced: July 19, 2017    (Court of Appea
4. The charges on which you were convicted: Inducing Interstate Travel to Commit Fraud, 18 USC 2314 and Willful Failure to Account /Pay Employm Tax - Violation of 26 U.S.C 7202

C. If you are awaiting trial on criminal charges, provide the following information:

1. Name and location of court in which charges are pending: _____

2. Your criminal case number(s): _____

3. List any hearing or trial dates which have been scheduled: _____

4. List the charges that are pending against you: _____

5. Your attorney's name, address and telephone number: _____

D. If you are detained in a mental health facility, provide the following information:

1. How were you committed?

   ☐ By a court for evaluation.

   ☐ By a court after being found not criminally responsible.

   ☐ Involuntary civil commitment.

   ☐ Other, explain, _____

2. When were you committed? _____

II. Previous lawsuits

   A. Have you filed other cases or motions in state or federal court dealing with the same facts as in this case?

   YES ☑   NO ☐

   B. If you answered YES, describe that case(s) or motion(s) in the spaces below.

      1. Type of case or motion: 3582 MOTION – COMPASSIONATE RELEASE

      2. Parties to the other case(s):

         Petitioner: SREEDHAR POTARAJU

         Respondent(s): UNITED STATES GOVERNMENT

      3. Court (if a federal court name the district; if a state court name the city or county): EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION / COURT OF APPEALS

      4. Case No.: 1:16-CR-00361-AJT / CASE: 21-7731

      5. Date filed: 11/19/20

      6. Name of judge that handled the case: ANTHONY TRENGA

      7. Disposition (won, dismissed, still pending, on appeal): ON APPEAL

      8. Date of disposition: APPEAL ENTERED JANUARY 4, 2022

III. Administrative proceedings

   A. If you are in a Division of Correction facility, did you file an administrative remedy procedure request under DCD 185-001, et seq.?

   YES ☐   NO ☐

      1. If you answered YES:

         a. What was the result? _____

         b. Did you appeal to the Commissioner? _____

            YES ☐   NO ☐

2. If you answered NO to either of the questions above, explain why you did not file an administrative remedy procedure request or an appeal to the Commissioner.

_____

_____

_____

_____

3. Did you file any other type of administrative complaint such as an appeal to the warden of an adjustment decision?

   YES ☐     NO ☐

4. If you answered YES, explain what you filed and what was the result.

_____

_____

_____

B. If you are in a Division of Correction facility or Patuxent Institution, did you file a complaint with the Inmate Grievance Office?

   YES ☐     NO ☐

1. If you answered YES:

   a. What was the result? _____.

   b. Did you appeal to the Circuit Court?

      YES ☐     NO ☐

   c. What was the result? _____

   _____.

   d. Did you file an application for leave to appeal to the Court of Special Appeals?

      YES ☐     NO ☐

   e. What was the result? _____

C. If you are a state prisoner challenging a parole revocation decision, complete the following.

1. Date of revocation decision: _____

2. Did you appeal the revocation decision to the Circuit Court?

    YES ☐    NO ☐

3. If you answered YES, what was the date of the Circuit Court's decision and what was the decision?

    _____

    _____

4. Did you appeal the decision of the Circuit Court?

    YES ☐    NO ☐

5. If you answered YES, what was the result and the date of the decision?

    _____

    _____

D. If you are in a Federal facility, did you attempt to resolve your complaint informally?

    YES ☑    NO ☐

1. If you answered YES:

    a. Did you file a formal complaint to the warden?

        YES ☑    NO ☐

    b. Did you appeal the warden's decision to the Regional Director?

        YES ☑    NO ☐

    c. Did you appeal the Regional Director's decision to the Office of General Counsel?

        YES ☑    NO ☐

    → d. What was the result? RESPONSE WAS DUE 5/30/22 BUT WAS NEVER RECEIVED AND HENCE CONSIDERED A DENIAL

2. If you answered NO to any of the questions above, explain why you did not file an administrative complaint or appeal. _____

_____

_____

E. If you are a federal prisoner challenging a parole revocation decision, complete the following.

   1. Date of revocation decision:

   2. Did you appeal the revocation decision to the National Appeals Board?

      YES ☐    NO ☐

   3. If you answered YES, what was the date of the National Appeals Board's decision and what was the decision. _____

   _____

F. If you are not in a Division of Correction or Federal facility, is there a grievance procedure at your institution?

   YES ☐    NO ☐

   1. If your answer is YES, did you file a grievance?

      YES ☐    NO ☐

   2. If you filed a grievance what was the result? _____

   _____

   3. If you did not file a grievance explain why not? _____

   _____

IV. Statement of origin

(Briefly state the facts of your case. Include dates, times, and places. Explain why you believe you are improperly detained. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

See Attached Brief

V. Relief

(Briefly state what you want the Court to do for you.)

See Attached Brief.

I declare under the penalties of perjury that the information above is true and correct.

SIGNED THIS 31st day of May, 2022.

_____
Signature of Petitioner

Vreedum V. Potaram
Printed Name  90434083
P.O. Box 1000
FCI Cumberland

_____
Address  Cumberland, Maryland 21501

_____
Telephone Number

_____
Email Address

Sreedhar Potarazu
v.
Warden, FCI Cumberland
Federal Bureau of Prisons

SREEDHAR POTARAZU'S EXPEDITED MOTION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C 2241 CHALLENGING THE ISSUANCE AND APPLICATION OF FSA TIME CREDITS UNDER THE FIRST STEP ACT OF 2018 UNDER 18 U.S.C. 3624(g) and 3632(d)

I. INTRODUCTION

Sreedhar Potarazu(" Potarazu") began serving a sentence of 119 months and 29 days of imprisonment on July 19, 2017 and is incarcerated at FCI Cumberland in Cumberland, Maryland. Potarazu respectfully requests the Court to order the BOP to issue an updated Sentence Computation for all FSA Time Credit (FTC) earned thru May 31, 2022 no later than June 15, 2022 confirming that 613 days of FTC have been earned and further that 365 days have been applied to supervised release and 238 days will be applied Pre-Release Custody. Potarazu further requests the Court to order the BOP to confirm that the Projected FSA Statutory Home Confinement Date is on or about 8/26/22 after the application of all FTC earned thru July 31, 2022. Finally, Potarazu requests the Court to order his release to home confinement on or about 8/26/22 upon review of a BOP sentence computation under statutory requirements under 18 U.S.C.3632(d) and 3624(g). Potarazu requests expedited action in this matter as any further delays will impact the liberty interest of less restrictive means of incarceration as mandated by the First Step Act through the issuance and application of Federal Time Credits. The BOP has failed to meet its statutory obligation of issuing and applying FTC by January 15, 2022 under 18 U.S.C. 3632(d) as confirmed by the DOJ Inspector General Report of November 2021 and Federal Regulations published on January 19, 2022. Courts have the jurisdiction to review BOP actions when they are contrary to established federal law( Id ( Accord Gatewood v. T.C.Outlaw 560 F.3d 843( 8th Cir 2009), Potarazu has exhausted all administrative remedies per Fourth Circuit requirement. The BOP has not refuted or challenged the computation or eligibility for FTC at any level. The only response from the BOP is that the issuance and application " would take several weeks" which now violates statute.

II. RELEVANT BACKGROUND

A. PETITIONER'S SENTENCE

On December 2, 2016 Potarazu pleaded guilty to (1) inducing interstate travel to commit fraud in violation of 18 U.S.C 2314 and (2) willful failure to account and pay employment taxes in violation of 26 U.S.C. 7202

On July 19, 2017 Potarazu received a sentence of 119 months and 29 days and began serving sentence that day and was given time credit for time served prior to sentencing. Potarazu has served over 58 months.

Case 1:22-cv-01334-GLR  Document 1  Filed 06/02/22  Page 10 of 16

B. FSA TIME CREDITS ARE STATUTORY AND REQUIRED TO BE ISSUED BY JANUARY 15, 2022

III. RELEVANT LAW

A. FEDERAL HABEAS PETITION AND GROUNDS FOR RELIEF

A federal prisoner may challenge the manner, location or condition of his sentence's execution through a petition for writ of habeas corpus pursuant to 28 U.S.C 2241 Hernandez v. Campbell 204 F 3d. 861 864( 9th Cir 2000). To receive federal relief under section 2241 a petitioner must demonstrate that he is " in custody in violation of the Constitution or laws or treaties of the United States 28 U.S.C. 2241(c)(3). The authority to compute a federal prisoners' sentence is delegated to the Attorney General who exercises it through the BOP. United States v. Wilson 503 U.S. 329 334-35 112 S. Ct 1351 117 L. Ed 2d 593(1992). Moreover, a decision by the BOP that affects the length of a prison sentence may properly serve as the basis for a habeas action. Schleining v. Thomas 642 3d 1242( 9th Cir 2011).

Potarazu challenges the sentence computation as it relates to the issuance and application of Federal Time Credits pursuant 18 U.S.C. 3624(g) and 18 3632(d). The deadline for issuance of the FTC was January 15, 2022 and the BOP has failed to meet its obligation under the law. See 18. U.S. 3632(a), 3631(h)(2)(A)(B) eg. Cohen 2021 U.S. Dist WL 797516 at ( C.D. Ill Mar 2 2021), Kennedy-Robey v. FCI Perkin No. 20-CV-1371.The BOP is authorized to provide eligible prisoners' with earned time credits for successful completion of evidence based recidivism reduction programs and productive activities. Since January 15, 2022 other inmates at FCI Cumberland have received 15 days of FTC for every 30 calendar days pursuant to the guidance in the Federal Regulations published January 19, 2022. The rules published pursuant to 28 CFR Parts 523 and 541 codified the procedures regarding earning and application of time credits as authorized by the First Step Act of 2018.  The FSA provides that eligible inmates earn FSA Time Credits towards pre-release custody or early transfer to supervised release for successfully participating or completing in EBRR or PA.  The final rule stipulates that for every 30 day period than an inmate successfully participates in EBRR or PA  and is determined to be a minimum or low risk for recidivism, and maintains that risk level for the most recent two assessments,   may earn 15 days of FSA Time Credit per 30 day period. Potarazu has maintained a minimum score since December 2018 and is therefore eligible for 600 days of FSA Time Credit  through April 30, 2022.  Eligible inmates ,pursuant to the final rule," will be afforded a presumption of participation for the period between December 21, 2018 and January 14, 2020".

As indicated in the administrative remedies Potarazu has served as an Inmate Tutor for GED since December 2018  which is consistent with the definition of " Productive Activity" Pursuant to 18 U. S.C 3635-( which may include activities whereby an inmate with minimum or low recidivism remains productive and may include the delivery of programs to other inmates

2

such as literacy/dyslexia. The BOP did not challenge the eligibility for Time Credits or the computation of the administrative remedies.

B. COMPUTATION OF SENTENCE BASED ON FSA CREDITS

Under 18 U.S.C. 3624(g) in order to be eligible for the application of FTC towards pre-release custody or supervised release the following criteria must be met

1. The amount of earned time credits is equal to the remainder of the inmate's imposed term of imprisonment
2. The inmate has maintained a minimum or low risk of recidivism
3. The remainder of the inmates imposed term of imprisonment has been computed under applicable law ( including Good Conduct Time under CFR 523, eligibility for early release consideration under RDAP 28 CFR part 550 , statutory home confinement-( 18 USC 3624(c)) as confirmed by computations issued for other inmates at FCI Cumberland- attached.
4. Inmate determined to be a minimum or low on last two assessments.

Potarazu has met all of the criteria and awaits the BOP to provide an updated computation. On January 13, 2022 the Warden of FCI Cumberland sent a written notice to all inmates stating that sentence computations would be provided "over the next several weeks" reflecting FSA credits for all inmates ( inmates were not able to print notice).

As of April 30, 2022, Potarazu has earned 20 months ( 600 days) of FTC. The remaining imposed term of imprisonment is 31 months from 5/1/22 to 12/22/24. Under 18 USC 3624(c)(2) Potarazu will receive 6 months towards home confinement. Under 3624(c)(2) Potarazu is eligible for up to 6 months of RRC placement. Pursuant to the final rule, the application of Time Credits would result in Potarazu starting the period of supervised release on 12/22/23 which is 12 months sooner than the current projected release date of 12/22/24. Any balance of earned time credits SHALL be applied to pre-release custody with a Projected Statutory FSA Home Confinement date of 10/26/22. With the additional RRC placement for which Potarazu is eligible pursuant to 18 U.S.C. 3624(c)(2) , he could be transferred to RRC as early as June 2022. By August 31, 2022 , Potarazu will have earned an additional 60 days of FTC moving the Projected Statutory FSA Home Confinement date to 8/26/22 at which point no further time credits could be earned to be applied to pre-release custody or supervised release. It is for this reason Potarazu requests emergency review of the instant motion to order the BOP to issue an updated computation immediately, and begin processing for transfer to RRC/Home confinement as any further delay would impact the application of all FTC earned and would be in violation of 18 USC 3624(g) and 3632(d). Furthermore, Potarazu completed RDAP on 11/22/22. The mandatory third phase of RDAP under 18 U.S.C. 3621(e) requires an inmate to participate in Community- Based Treatment ( TDAP) for at least 120 days. Since according to published regulations an inmate may continue to earn time credits while on home confinement and RRC placement, Potarazu would need to be

3

transferred to RRC no later than 6/22/22 . Potarazu would complete the 120 days of TDAP and at the same time continue

to earn FTC which would move the projected FSA home confinement date to 8/26/22. He would therefore be transferred to

home confinement upon the completion of TDAP and these dates would be in accordance with statute mandated by the First

Step Act.  Any deviation from these dates would be outside the statutory requirements of the FSA and cause forfeiture of

earned Time Credits.

C. BASIS FOR APPLICATION OF TIME CREDITS BASED ON PRCEDENCE

 Potarazu is entitled to the issuance and application of Time Credits consistent with the calculations of other inmates

similarly situated ,who have also maintained a MINIMUM recidivism, in accordance with the guidance in the published

regulations of January 19, 2022. As evidenced by sample computations of other inmates at FCI Cumberland( exhibit att. ),

inmate was awarded 15 days of Time Credit for each calendar day which resulted in application of 365 days of FTC

to supervised release changing the statutory release date. Accordingly, the Projected Home Confinement Date was moved by

6 months to 8/4/22 consistent with the statutory requirement of 18 U.S.C 3624(c)(2) of 10% or 6 months to be given

towards home confinement. The inmate was then processed for RRC/home confinement in April 2022. The BOP has not

issued or applied to date,  as mandated by statute and regulation , the  balance of time credits remaining (after the

application of 12 months to supervised release) that should be applied to pre-release custody in this inmate's case.

 In Potarazu's case of the 20 months earned( 600 days),  12 months ( 365 days) should be applied to supervised release with

the balance of credits applied to adjusting the projected  home confinement date under 18 U.S.C 3624 (c)(2) as was done

for other inmates at FCI Cumberland.

IV. JURISDICTION

A petitioner may seek habeas corpus under 2241 when challenging the computation or execution of his federal sentence.

United States v. Little 392 F 3d 671, 678-79( 4th Cir 2004). 2241 is the proper means for a federal prisoner to challenge the

BOP's sentencing calculations. Diaz v. Warden, FCI Edgefiled no. 4-17 cv-0093-RBH 2017 WL 2985974 at 2( D.S.C. July 13,

2017). Potarazu is incarcerated in Cumberland, Maryland therefore the 2241 petition must be filed in the district of

incarceration.

V.. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prior to filing a 2241 habeas petition a petitioner must exhaust his administrative remedies McClung v. Shearin 90 F. Appx

444,445 ( 4th Circ. 2004. Potarazu has exhausted the administrative remedy process( records attached) with no resolution

by the BOP to abide by statue and issue the Federal Time Credits as required by January 15, 2022.

4

# VI. BOP RESPONSE TO ADMINISTRATIVE REMEDIES

The Response from the BOP Regional Director ( BP-10) did not challenge the computation , eligibility or application of the FSA Time Credits towards Supervised Release and Pre-Release Custody. The response only stipulated that the issuance and application of time credits would " take several weeks". The BP-11 was received by Central Office on 3/31/22. A response was due on 5/30/22 inlcusive of a 20 day extension. A lack of written response within the 40 day period and 20 day extension period ( BOP Program Statement 1330.18) must be construed as a denial. The administrative remedy process is therefore exhausted pursuant to federal regulation and BOP Policy.

In addition, The First Step Act did not provide for any further extensions beyond January 15, 2022 for the issuance and application of FSA Time Credits, as mandated under 18 U.S.C. 3632(d) and 3624(g) . In addition, the FSA does not provide for the partial issuance of FSA Time Credits as evidenced by other computations of those similarly situated at FCI Cumberland. The failure of the BOP to issue all time credits earned in a timely fashion, as mandated by law, has impacted the liberty interests of inmates of less penological forms of incarceration. These findings were supported by the DOJ Inspector General's Report issued in November 2021 citing the impact of the BOP's delays and further challenging the BOP's rulemaking methodology including using 24 months from release date as the threshold for issuing credits when the law provides no such mechanism and importantly undermines Congress's intent of the law .( see OIG Analysis of BOP Response- exhibit attached). Further, the BOP has tried to justify the delays in implementing time credits for all inmates due to the development and testing of an automated computation tool. While it is appreciated that the computation of time credits will be automated; it is unfair and wrong for the BOP do so at the expense of the liberty interest of inmates .The FSA provides no such extensions for the delay in issuing the credits especially since the BOP was afforded 3 years to implement the necessary infrastructure to administer the law and failed to do so within the time limits mandated by Congress.

To be sure, Potarazu has completed all programming recommendations by PATTERN RISK ASSESSMENT; continues to engage in productive activity of mentoring/instruction to other inmates ; has been free of disciplinary action; compliant with restitution payments ;  maintained a MINIMUM PATTERN SCORE OF : -12 ( exhibit attached) and meets all of the eligibility requirements as evidenced by the published regulations and the criteria being used by the BOP for issuance and application of FTC of other inmates.

In the instant matter, the Court has jurisdiction to review decisions made with regards to the BOP's application of final

5

rules as it pertains to 18. U.S.C. 3632(d) and 3624(g) since the BOP is acting contrary to established federal law under the First Step Act. The BOP has exceeded its statutory authority by not issuing and applying all earned FSA Time Credits by January 15, 2022 as promulgated by statute and final regulations which is impacting a speedier release for a less penological form of incarceration. Further 18 U.S.C. 3632(d) mandates that the BOP shall apply FSA Time Credits to Supervised Release or Pre-Release Custody. Email communications from DSCC( Computation Center) Staff indicate that Potarazu's computation would be updated in May but none has been provided to date.( exhibits page 63)

## VII. CONCLUSION

18 U.S.C. 2241 provides a remedy where a prisoner " is in custody in violation of the Constitution or law or treaties of the United States. At the " heart of Habeas Corpus petitions" petitioners challenge " the fact or duration of (their) physical confinement" or "(seek) immediate release, or a speedier release, from active confinement". See Presier v. Rodriguez 411 U.S. 475, 498, 93 S. Ct. 1827, 36L. Ed 2d 439 (1973)

Pursuant to 18 U.S.C. 3624(g) and 3632(d) of the First Step Act and The Federal Regulations published on January 19, 2022 the BOP has failed to meet it statutory obligation of the issuance of FSA Credits by January 15, 2022 for all eligible inmates. With the issuance and application of FSA Time Credits, Potarazu would be entitled to a speedier release from active confinement and transfer to pre-release custody and supervised release. The BOP's failure to meet its statutory obligation creates a violation of liberty interest of a speedier release from less penological form of incarceration as mandated by the First Step Act as it pertains to the administration of FSA Time Credits. This Court has the jurisdiction to review BOP actions that are contrary to established federal law- the First Step Act .

## VIII. PROJECTED FSA SENTENCE COMPUTATION

The projected sentence computation is based on application of statutes 18 U.S.C 3624(g) , 3632(d) , 18 U.S.C 3621(e) and 18. U.S.C 3624(c)(2) for the period December 21, 2018 thru July 31, 2022 and is subject to verification by the final sentence computation issued by BOP ordered by this Court. The BOP responses to the administrative remedies did not refute the computations of the FSA Time Credits or the corresponding dates for transfer and release.

---

Statutory Release Date under 3621(e): 12/22/24

Projected Statutory Release Date - FSA RDAP REL: 12/22/23 ( with 365 days of FTC applied to Supervised Release)

Projected Home Detention Eligibility date: 6/22/23: Pursuant to 3624(c)(2)

Projected FSA Statutory Home Detention Date : 8/26/22 : Pursuant to 3624(g) and 3632(d)( with 278 days of FTC earned thru 7/31/22 applied to Pre-Release Custody )-

Total Projected FTC Credit Applied Thru 5/31/22: 613 Days ( 628 days with alternate calculation)*

6

Total Projected FTC Credit Applied Thru 7/31/22: 643 Days( 658 days with alternate calculation)
*( Dec 21 2018 to May 31, 2022 is 41.9 units of 30 calender days) ( 15 days x 41.9= 628 FTC )

NOTE:

a. These dates do not include discretionary RRC Placement under the Second Chance Reauthorization Act of 2018 under which Potarazu qualifies for 8-10 months of RRC placement under 3624(c)1) {  120 days is required by policy for BOP Psychology Treatment Programs for Community Based Treatment ( TDAP)}.  Also of note is that a separate, unrelated  AR response ( BP-11) dated 3/29/22 from Central Office regarding CARES ACT stated that Potarazu " is currently eligible for release " and  " transfer request { to RRC pursuant to 3621(e) } was submitted on his behalf."
( see attached RRC calculation sheet and BP-11 response).

b. Sentence Computations for other inmates issued since 1/15/22 confirm BOP is  applying 365 days FTC to Supervised Release first ( also see published regulations)

Home Detention Eligibility Date ( under 3624(c)(2)) has then been calculated from  the FSA Statutory Release Date.

FCI Cumberland has been further recommending additional RRC placement ( 3624(c)(1)) in addition  to Home Detention Eligibility Date for eligible inmates.

"FTC in excess of 12 months is applied to pre-release custody" pursuant to Federal Regulations published on 1/19/22  therefore moving the home detention eligibility date under (3624(c)(2).

c. The intent of Congress as stated in the published regulations is to maximize the amount of time an eligible inmate spends in pre-release custody or supervised release which is anticipated to be for a longer period of time than before the passage of the First Step Act( see published regulations 1/19/22)

d. The BOP has stated that inmates within 24 months from release  have been prioritized for the issuance and application of FTC until the computation is automated. As a result, the BOP has deferred issuing FTC as mandated using the development of an automation tool as a reason,  when in fact this should have been completed prior to January 15, 2022. The BOP has taken liberties, not afforded in the FSA, to delay the issuance of FTC and at the same time deny the liberty interests of inmates.( email communications attached)

---

IX. REQUESTED RELIEF

Potarazu respectfully requests this Court to ORDER THE BOP TO:

1. Transfer Potarazu to Pre-Release Custody on or before the Projected  FSA Statutory Home Detention Date of 8/26/22 ( or an alternate date to be  determined  by the Court based on the application of all FTC in accordance with 18 U.S.C 3624(g)) after review of updated Sentence Computation from BOP .

7

2. Recommend transfer to RRC pursuant to 3621(e) eligibility requirement for RDAP Community Based Treatment no later than July 31, 2022.( based on Second Chance Reauthorization Act 2018) to begin Community Based RDAP.

3. Issue An updated Sentence Computation by June 15, 2022 reflecting the issuance and application of all Federal Time Credits earned from December 18, 2021 to May 31, 2022 ( and projected credits for the period June 1 to July 31, 2022) consistent with the calculations of other inmates similarly situated at FCI Cumberland with MINIMUM recidivism scores for the same period.

Finally,

4. Potarazu respectfully requests the Court to appoint counsel to assist with any further representation required in this instant matter with regards to filing a response to the BOP' response (to this motion) or further communications required with the AUSA appointed to represent the BOP.

---

Respectfully Submitted

*[signature]*

Sreedhar Potarazu

FCI Cumberland

Date Submitted in BOP Mail : May 31, 2022

Number of Pages- Motion ___8___

Exhibits ___≤1___

Court Fee of $ 5.00 has been processed by BOP Trust Fund and mailed directly to Court( requisition notice enclosed)

8