UNITED STATES DISTRICT COURT OF THE FOURTH CIRCUIT
MARYLAND DIVISION

Sreedhar Potarazu

V.

Warden FCI Cumberland

JUL 18 2022

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____ DEPUTY

Case: 22-1334

SUBMISSION OF UPDATE ON BOP CALCULATION OF FSA TIME CREDITS ON 6/25/22

On June 2, 2022 a petition under 28 U.S.C. 2241 was filed in this Court for expedited review. Since the filing, the BOP has calculated total FSA Time Credits earned and the details are as follows:

1. As advised by staff, the calculation by BOP was run on 6/25/22 and stated that 630 FSA Time Credits have been earned( as of 5/31/22) by Potarazu

2. As of 7/15/22 the Sentence Computation had NOT been updated with the application of the FSA Time Credits

3. The FSA calculation will therefore be as follows for July and August at 15 days FTC earned per month

    7/25/22  645 Days  FSA Time Credits( earned thru 6/30/22)
    8/25/22  660 Days  FSA Time Credits (earned thru 7/31/22)

4. In accordance with the final regulations, the BOP should apply the FSA Time Credits as follows as of 8/25/22 by which 660 days of FSA Time Credits are earned( earned thru 7/31/22)

    355 Days FSA Time Credit applied to Pre-Release Custody
    305 Days FSA Time Credits applied to Supervised Release

5. Inmate should be transferred to Pre-Release Custody on 8/31/22 to complete TDAT pursuant to CFR 550.56 for 120 days

6. During the 120 day period an additional 60 days of FSA Time Credits will be earned to be applied to Supervised Release pursuant to published regulations whereby inmates can continue to earn FSA Time Credit while in RRC and participating in TDAT- Community Based Treatment.( see attached)

7. On 12/25/22 therefore a total of 365 days will be earned to apply to Supervised Release and 355 days to Pre-Release Custody.( for the credits earned thru 11/30/22)

8. On 12/31/22 735 FSA Time Credits would have been earned in total ( inclusive of December FSA Time credits):

  365 days FSA Time Credit applied to Supervised Release
  370 days FSA Time Credit applied to Pre-Release Custody

  TOTAL: 735 FSA TIME CREDITS

9. On 12/31/22 there are 730 days remaining on the imposed term of imprisonment( projected release date 12/22/24) and 735 days of FSA Time Credit earned meeting the statutory requirement.

This calculation and application is in compliance with the criteria of 18 U.S.C. 3624(g) and the final regulations and allows for completion of TDAT and issuance and application of the maximum number of FSA Time Credits as intended by Congress.

This update is being provided for informational purposes so the Court may direct the BOP to respond accordingly as to the

calculations. and application of all FSA Time Credits in accordance with applicable law and regulations as outlined.

Respectfully Submitted

_____

Sreedhar Potarazu

Mailed in BOP mail on 7/16/22

however, will also be held responsible for any attendant disciplinary prohibited act code violations, *e.g.,* failing to report to institution work detail.[4]

*COMMENT: FSA Time Credits should be applied to an inmate's transfer to supervised release (to shorten a term of imprisonment).*

Some commenters indicated that they were concerned that Time Credits would not, in fact, be applied to transfer to supervised release at all, but instead might only be applied to prerelease custody, noting that the proposed rule "does not address the procedures for determining whether an individual inmate will have FSA Time Credits applied toward prerelease custody, early transfer to supervised release, a combination of both, or neither; this proposed rule only addresses the procedures for earning, awarding, loss, and restoration of FSA Time Credits."

*RESPONSE:* As stated, under the FSA, an eligible inmate who successfully participates in an EBRR Program or PA recommended by staff based on the inmate's risk and needs assessment may earn FSA Time Credits to apply toward prerelease custody or transfer to supervised release. Eligible inmates may earn 10 days of Time Credits (and, if maintaining a low or minimum risk status, an additional 5 days of Time Credits) for every 30-day period of successful participation in EBRR Programs or PAs.

However, under the FSA (18 U.S.C. 3624(g)), even if earned, Time Credits may not be applied to prerelease custody until:

• The amount of earned Time Credits is equal to the remainder of the inmate's imposed term of imprisonment;

• The inmate has demonstrated a reduced risk of recidivism or maintained a minimum or low recidivism risk during his or her term of imprisonment;

• The remainder of the inmate's imposed term of imprisonment has been computed under applicable law (*e.g.,* Good Conduct Time Credit under 28 CFR part 523 has been applied, eligibility for early release consideration under Residential Drug Abuse Treatment Program regulations in 28 CFR part 550 has been evaluated, etc.); and

• The inmate has been determined to be at a minimum or low risk of recidivating based on his or her last two assessments, or has had a petition to be transferred to prerelease custody approved by the warden.

Similar requirements exist under the FSA for application of earned Time Credits to transfer to supervised release. Time Credits may not be applied to transfer to supervised release under 18 U.S.C. 3624(g) unless:

• The amount of earned Time Credits is equal to the remainder of the inmate's imposed term of imprisonment;

• The inmate's sentence includes a period of supervised release to be served after his or her term of imprisonment;

• The inmate's latest risk and needs assessment shows that he or she is at a minimum or low risk of recidivating; and

• The application of Time Credits would not result in starting the period of supervised release more than 12 months before he or she would otherwise be eligible to do so (*i.e.,* any amount of earned Time Credits in excess of 12 months would be applied to prerelease custody).

*See* Nathan James, U.S. Congressional Research Service, The First Step Act of 2018: An Overview (2019), at 5–6.

The Bureau assures commenters that FSA Time Credits will be applied to early transfer to supervised release, as authorized by the FSA in 18 U.S.C. 3632(d)(4)(C) and 18 U.S.C. 3624(g). *See* 2020 Annual Report at 39–44. The Bureau intends to adhere to the parameters of the FSA to permit application of Time Credits toward transfer to supervised release pending development of policy, in individual cases as appropriate.

*COMMENT: Earning FSA Time Credits should continue in Residential Reentry Centers and/or while in home confinement.*

Many commenters raised an issue that was articulated by Senator Sheldon Whitehouse (D–RI) and Senator John Cornyn (R–TX) as follows:

> The proposed rule also provides that "FSA Time Credits can only be earned while an inmate is in a Bureau facility, and will not be earned if an inmate is in a Residential Reentry Center or on home confinement." The proposed rule does not cite to any authority for this restriction, and this interpretation is not consistent with the goals of the First Step Act.
>
> Allowing individuals to earn time credits while in RRCs is authorized by the First Step Act. The Act provides that "[t]ime credits earned . . . by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release." It defines "prisoner" as "a person who has been sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or a person in the custody of the Bureau of Prisons."

> Because "[p]re-release inmates at an RRC remain in Federal custody while serving a sentence imposed by a U.S. District Court or DC Superior Court," they are "prisoners" for the purposes of the First Step Act. Nor does the First Step Act distinguish between "prisoners" who are serving their sentence in a BOP institution, in an RRC, or on home confinement in describing the time credit program. By its own terms, the statute allows BOP to award time credits to individuals incarcerated in an RRC toward time in supervised release.
>
> Allowing individuals incarcerated in an RRC to earn time credits by participating in EBRRs would further the purposes of the First Step Act. RRCs offer substance abuse treatment and other programs similar to those offered in BOP institutions. There is no reason to believe that a program offered in an RRC will reduce recidivism any less than one offered to an individual in prison. In fact, such programs may be more effective, as individuals are close to release from custody and can begin putting lessons learned into practice as they transition home. BOP should revise the proposed rule to allow individuals to earn time credits while in an RRC.

Congressman Hakeem Jeffries (D–NY) also stated, "I see no reason to make individuals in Residential Reentry Centers (RRCs) or in home confinement ineligible to earn time credits. . . . Congress could have used a narrower definition or explicitly excluded certain categories of individuals based on where they serve their sentence, but it chose not to do so."

*RESPONSE:* After carefully considering the comments received, the Bureau agrees that inmates in prerelease custody—whether in a residential reentry center (RRC) or on home confinement—are eligible to earn FSA Time Credits under 18 U.S.C. 3632(d)(4)(A), which they could presumably apply, under 18 U.S.C. 3632(d)(4)(C), toward transfer to supervised release.

The practical effect of allowing eligible inmates to keep earning Time Credits while in prelease custody (RRCs) will likely be limited, however, for several reasons. First, the Bureau intends to transfer eligible inmates who satisfy the criteria in 3624(g) to supervised release to the extent practicable, rather than to prelease custody. The Bureau therefore anticipates that the total population of eligible inmates in RRCs or home confinement will be small.

Second, as a practical matter, programming and services for inmates in RRCs or home confinement will often be provided off-site or by a third-party provider, which makes tracking successful participation more difficult. For example, community-based substance use treatment programs referred to by the Senators in their

---

[4] *See* 28 CFR 541.3, Table 1—Prohibited Acts and Available Sanctions: Moderate Severity Level Prohibited Acts, code 306: "Refusing to work or to accept a program assignment."

POTARAZU, SREEDHAR 90424083

comments are not provided on-site at RRCs, but rather on an outpatient basis. The Bureau uses a comprehensive inmate information tracking system that is only accessible to Bureau staff. The Bureau's inmate information tracking system is not accessible to RRC staff, and therefore cannot track inmate programming activity when inmates are no longer in the custody of the Bureau of Prisons.

Third, unlike a prison facility, which is a self-contained unit under the Bureau's control and supervision that can provide Bureau-authorized, comparable, and approved programming to all housed inmates, the breadth of programming available at or through different RRCs, or in the communities where an inmate may be place in home confinement, could vary significantly and may not correspond directly to recommendations based on inmates' most recent risk and needs assessments.

Given these variables, the Bureau will work on a case-by-case basis with eligible inmates in RRCs to identify appropriate available programming for them to earn FSA Time Credits, and will determine how to best track participation as part of the Bureau's commitment to ensure the maximum number of FSA Time Credits may be awarded to the maximum number of eligible inmates. The Bureau will issue guidance on this topic to ensure consistency in implementation.

*COMMENT: All inmates should be eligible for FSA Time Credits without exclusions.*

Several commenters recommended that, as a general matter, any inmate willing to participate in the FSA Time Credit program should be eligible for FSA Time Credits. A few individual commenters suggested more specifically that inmates convicted of particular offenses (as described above) should be removed from the category of "ineligible prisoners," as described in 18 U.S.C. 3632(d)(4)(D), and should be permitted to earn FSA Time Credits for application toward prerelease custody or transfer to supervised release.

*RESPONSE:* As noted, 18 U.S.C. 3632(d)(4)(D) describes inmates that are "ineligible to receive time credits" under Subchapter D (the Risk and Needs Assessment System) if serving a term of imprisonment for conviction under any of the provisions listed therein. It is outside the Bureau's authority to alter the exclusions as stated in the FSA. Some commenters suggested that "non-violent" offenses be removed from the ineligibility exclusions, but did not specify which offenses listed might be considered "non-violent" or otherwise define that term. Regardless, the statutory exclusions may only be amended by Congress.

*Specific offenses:* The FSA enumerates 68 offenses for which inmates who are serving terms of imprisonment are ineligible. Commenters raised several specific offenses. We note that under the FSA's list of 68 enumerated offenses, the following are included as ones for which inmates are ineligible if they are serving a term of imprisonment upon conviction:

• 18 U.S.C. 2250, relating to failure to register as a sex offender (*see* 18 U.S.C. 3632(d)(4)(D)(xxxviii));
• 18 U.S.C. 2251, relating to the sexual exploitation of children (*see* 18 U.S.C. 3632(d)(4)(D)(xxxix));
• 18 U.S.C. 2251A, relating to the selling or buying of children (*see* 18 U.S.C. 3632(d)(4)(D)(xl));
• 18 U.S.C. 2252, relating to certain activities concerning material involving the sexual exploitation of minors (*see* 18 U.S.C. 3632(d)(4)(D)(xli));
• 18 U.S.C. 2252A, relating to certain activities involving material constituting or containing child pornography (*see* 18 U.S.C. 3632(d)(4)(D)(xlii));
• 18 U.S.C. 2260, relating to the production of sexually explicit depictions of a minor for importation into the United States (*see* 18 U.S.C. 3634(d)(4)(D)(xliii)).

*Prior convictions:* As stated in the preamble to the proposed rule, an inmate cannot earn FSA Time Credits if he or she has a disqualifying prior conviction as specified in 18 U.S.C. 3632(d)(4)(D). In the interest of clarifying the statement in the proposed rule, a "disqualifying prior conviction" would render an inmate ineligible to earn Time Credits under 18 U.S.C. 3632(d)(4)(D)(li) if the inmate:

1. Had a *prior conviction* for which he or she served a term of imprisonment of more than 1 year, for a Federal or State offense, by whatever designation and wherever committed, consisting of the following:
• Murder (as described in 18 U.S.C. 1111),
• voluntary manslaughter (as described in 18 U.S.C. 1112),
• assault with intent to commit murder (as described in 18 U.S.C. 113(a)),
• aggravated sexual abuse and sexual abuse (as described in 18 U.S.C. 2241 and 2242),
• abusive sexual contact (as described in 18 U.S.C. 2244(a)(1) and (a)(2)),
• kidnapping (as described in 18 U.S.C. chapter 55),
• carjacking (as described in 18 U.S.C. 2119),
• arson (as described in 18 U.S.C. 844(f)(3), (h), or (i)), or
• terrorism (as described in 18 U.S.C. chapter 113B);
*AND*
2. Is currently serving a term of imprisonment of more than 1 year for an offense described in 18 U.S.C. 3559(c)(2)(F), *i.e.*, a "serious violent felony," which means either—
(i) a Federal or State offense, by whatever designation and wherever committed, consisting of the following:
• Murder (as described in 18 U.S.C. 1111);
• manslaughter other than involuntary manslaughter (as described in 18 U.S.C. 1112);
• assault with intent to commit murder (as described in 18 U.S.C. 113(a));
• assault with intent to commit rape (as described in 18 U.S.C. 3559(c)(2)(A));
• aggravated sexual abuse and sexual abuse (as described in 18 U.S.C. 2241 and 2242);
• abusive sexual contact (as described in 18 U.S.C. 2244(a)(1) and (a)(2));
• kidnapping (as described in 18 U.S.C. 3559(c)(2)(E));
• aircraft piracy (as described in 49 U.S.C. 46502);
• robbery (as described in 18 U.S.C. 2111, 2113, or 2118);
• carjacking (as described in 18 U.S.C. 2119);
• extortion (as described in 18 U.S.C. 3559(c)(2)(C));
• arson (as described in 18 U.S.C. 3559(c)(2)(B));
• firearms use (as described in 18 U.S.C. 3559(c)(2)(D));
• firearms possession (as described in 18 U.S.C. 924(c));
• or attempt, conspiracy, or solicitation to commit any of the above offenses;
*OR*
(ii) any other offense punishable by a maximum term of imprisonment of 10 years or more—
• that has as an element the use, attempted use, or threatened use of physical force against the person of another or
• that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

The Bureau is cognizant of the strict categorical analysis required by the Supreme Court in adjudicating whether an offense meets the elements or residual clause of 18 U.S.C. 3559. As such, the Bureau after consultation with the Department of Justice will ensure that its facilities receive updated information as to which federal and state offenses qualify or are the subject

POTARAZU, SREEDHAR 90424083