IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SREEDHAR POTARAZU,

   Petitioner,

v.

WARDEN, FCI CUMBERLAND,

   Respondent.

Case No. MJM-22-1334

## MEMORANDUM

Petitioner Sreedhar Potarazu ("Petitioner"), acting pro se, brings this petition for habeas corpus (the "Petition") against Respondent Warden of FCI Cumberland pursuant to 28 U.S.C. § 2241. ECF No. 1. Currently pending is Respondent's Motion to Dismiss (the "Motion"). ECF No. 71. The Motion is fully briefed, and no hearing is necessary. *See* Rule 8(a), *Rules Governing § 2255 Proceedings for the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the Court will GRANT the Motion, and the Petition will be DISMISSED without prejudice.

I.   BACKGROUND

At the time he filed the Petition, Petitioner was serving a 119-month sentence, imposed by the U.S. District Court for the Eastern District of Virginia, for inducing interstate travel to commit fraud, in violation of 18 U.S.C. § 2314, and willful failure to account for and pay employment taxes, in violation of 26 U.S.C. § 7202. ECF No. 1 at 9. On May 18, 2023, Petitioner was transferred to a halfway house. ECF No. 65-1 at 3. On August 1, 2023, Petitioner was transferred to home confinement. *Id.* The Bureau of Prisons ("BOP") inmate locator reflects that, on December 22, 2023, Petitioner was released. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 23, 2024).

Petitioner alleges that BOP improperly calculated the time credits he earned towards supervised release and pre-release custody under the First Step Act ("FSA"). *See generally* ECF No. 1. Petitioner argues that if his sentence was recalculated, he would have been eligible for release to home confinement "on or about 8/26/22." *Id.* at 9. Petitioner argues BOP was statutorily required to recalculate his sentence to apply the FSA credits by a particular date and to transfer him to pre-release custody immediately upon eligibility. *Id.*

BOP admits that Petitioner's earned time credits were incorrectly calculated several times. ECF No. 65 at 5. Specifically, BOP states that, in the first calculation of Petitioner's ETCs on October 5, 2022, "two computer errors occurred which led to Petitioner receiving more credits and a greater time factor than he had earned." *Id.* On January 9, 2023, Petitioner's ETCs were again miscalculated, this time giving him fewer credits than he had earned. *Id.* at 8. Finally, on January 19, 2023, BOP contends it correctly calculated Petitioner's ETCs for a total of 570 FSA time credits: 365 toward release and 205 toward prerelease custody. *Id.* at 8–9.

**II.    DISCUSSION**

Petitioner requested the following relief: (1) transfer to Residential Reentry Center ("RRC") no later than July 31, 2022; (2) transfer to pre-release custody no later than August 23, 2022; and (3) an updated sentence computation reflecting time credits earned under the FSA. ECF 1 at 15–16. Because Petitioner was released on December 22, 2023, none of the requested relief is available.

Pursuant to 28 U.S.C. § 2241, a prisoner serving a federal sentence in custody may seek to challenge the manner in which the sentence is executed. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A petition disputing "the computation and execution of the sentence rather than the sentence itself" may be properly brought under § 2241. *United States v. Miller*, 871 F.2d 488, 490

(4th Cir. 1989). Such petitions must be brought against the warden of the facility where the prisoner is being held, *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), and "in the district of confinement rather than in the sentencing court . . . ." *Miller*, 871 F.2d at 490.

Article III of the United States Constitution empowers federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)). In the context of habeas corpus, a case is moot where the "petitioner is no longer 'in custody' within the meaning of 28 U.S.C. § 2254(a) . . . ." *Spencer v. Kemna*, 523 U.S. 1, 6 (1998). Further, where "developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot." *Gilmore v. Lovette*, No. 5:22-CV-308, 2023 WL 3964750, at *3 (N.D.W. Va. May 18, 2023*), report and recommendation adopted*, No. 5:22-CV-308, 2023 WL 3956189 (N.D.W. Va. June 12, 2023) (citing *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698–699 (3d

Cir. 1996)). Indeed, "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973).

In *Friend v. Administrator, Southwest Regional Jail*, the district court evaluated mootness pertaining to habeas corpus petitions as follows:

> It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. . . . Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." . . . Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. . . . Therefore, when a federal prisoner files a habeas corpus petition seeking injunctive relief from a sentence, his release from custody may render the petition moot.

No. 2:22-cv-00414, 2022 WL 17543694, at *2 (S.D.W. Va. Nov. 3, 2022) (citing *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986); *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir.2007)).

In the instant case, Petitioner was released from prison on December 22, 2023. The relief he sought in his Petition can no longer be granted because he is no longer in custody. Thus, Petitioner's claim must be dismissed as moot unless an exception to the mootness doctrine applies. There are two exceptions to the mootness doctrine with respect to habeas petitions: (1) collateral consequences; and (2) capable of repetition, yet evading review. *See Leonard*, 804 F.2d at 842.

The "collateral consequences" exception applies "where a conviction results in collateral consequences sufficient to create a substantial stake in the . . . conviction which survives the satisfaction of the sentence . . . ." *Id.* (cleaned up) (citations omitted). This exception may apply if, for example, the conviction "results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty . . . ." *Broughton v. North Carolina*, 717

4

F.2d 147, 148 (4th Cir. 1983). Similarly, "when the petitioner serves a term of supervised release or parole after termination of the custodial sentence, the restrictions imposed by the terms of release may suffice to defeat mootness." *Friend*, 2022 WL 17543694, at *3.

In this case, Petitioner's requested relief—immediate placement in pre-release custody and/or supervised release—has already been achieved.[1] Petitioner was transferred to a halfway house on May 18, 2023, then to home confinement an August 1, 2023. On December 22, 2023, Petitioner was released. Thus, Petitioner does not maintain any redressable claims and does not satisfy the collateral consequences exception.

Two elements are required to employ the "evading review" exception: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Leonard*, 804 F.2d at 842 (alterations in original) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). The Fourth Circuit has held the "evading review" exception applies if petitioners "have the substantial risk of again being . . . incarcerated" after their release from custody. *Leonard*, 804 F.2d at 842.

In this case, "there is no reasonable expectation that Petitioner will be incarcerated again and face the same set of circumstances in the future." *Maultsby v. Rickard*, No. 1:17-cv-4612, 2018 WL 4289648, *2 (S.D.W. Va. 2018). The Court has not been presented with any information to suggest that Petitioner is likely to be re-incarcerated. Further, even if he is incarcerated again, it is "implausible" that he will "be subjected to the same purportedly unconstitutional delay" in pre-

---

[1] Petitioner also requested an updated sentence computation reflecting time credits earned under the FSA. BOP's Answer to the Petition provides a detailed explanation of the sentence computation as applied to Petitioner's case. ECF No. 65 at 5–10. In his Reply, Petitioner does not challenge the adequacy of the updated calculation but merely argues "[t]he time credits were miscalculated numerous times." ECF No. 66 at 1. Petitioner has received an updated sentence computation as requested. Accordingly, this request for relief is not redressable.

release custody placement. *Salyer v. Young*, No. 5:19-875, 2020 WL 6145035, at *5 (S.D.W. Va. July 29, 2020), *adopted by* 2020 WL 6142254 (S.D.W. Va. Oct. 19, 2020). Indeed, BOP has explained that its miscalculations here were the result of the non-routine implementation of the computer-generated calculation of ETCs under the FSA.

Because neither mootness exception applies here, the Petition is moot and will be dismissed.

### III.   CONCLUSION

For the reasons stated herein, Respondent's Motion to Dismiss (ECF No. 71) will be GRANTED, and the Petition will be DISMISSED without prejudice.

A separate Order will issue.

DATED: May 28, 2024                              _____/S/_____
                                                                Matthew J. Maddox
                                                                United States District Judge